IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH LYNN MUELLER, *et al.*,

        Plaintiffs,

v.

WISCONSIN CENTRAL LTD., d/b/a
CANADIAN NATIONAL RAILROAD, *et al.*,

        Defendants.

ORDER

20-cv-931-jdp

---

    On February 20, 2020, a locomotive owned and operated by defendant WCL struck plaintiff Deborah Mueller's vehicle at a railroad crossing in Trempealeau County. This lawsuit resulted. On March 22, 2021, plaintiffs filed a motion to compel discovery (dkt. 19) along with a brief (dkt. 20) and supporting exhibits (dkts. 20-21). WCL responded in opposition (dkt. 26), followed by plaintiffs' allowed reply (dkt. 27). On May 17, 2021, defendants filed an unopposed motion for leave to supplement their submissions with a May 11, 2021 order issued by the Northen District of Iowa (dkt. 30-1). Both sides would like the court to modify the schedule in light of this discovery dispute (dkts. 32 & 33). I am striking the current expert disclosure deadlines, which I will reset after I review the contested documents in camera.

    WCL has declined to disclose certain documents requested by plaintiffs, asserting its privilege under 23 U.S.C. § 409. This led to plaintiffs' pending motion to compel, in which they contend that the privilege does not apply to WCL's withheld documents. At this juncture, plaintiffs do not contest that WCL may claim the privilege; the question is whether the privilege applies to the still-withheld documents, which have been narrowed to items 4, 5, 7, 10, 11, 12 and 15 on defendant WCL's amended privilege log, dkt. 26-1. Plaintiffs' reply, dkt. 27 at 3. Plaintiffs report that they already have received most of these documents in response to their

open records request to Wisconsin's Department of Transportation, but that doesn't solve their problem because § 409 also prohibits the *admission* of protected documents in any court proceeding.

Each side points to cases that support its position on the reach of § 409 and there is no binding circuit precedent on this issue. I have the read the cases cited by both sides.[1] As a starting point, this court must heed the Supreme Court's admonition in *Guillen* that § 409's evidentiary privilege must be construed narrowly because privileges impede the search for the truth. 537 U.S. at 144-45. That said, the narrowest interpretation of the privilege isn't necessarily the correct one; the goal is to give § 409 the breadth intended by Congress. *Id.* at 145. According to the Court, § 409 protects not just the information that WCL has generated for statutory safety purposes but also information WCL has collected from other sources for those purposes (but nothing more). *Id.* at 145-56. As the Seventh Circuit noted in *Harrison*, the purpose of § 409 is to facilitate candor in administrative evaluations of safety hazards and to prohibit federally required record-keeping from being used as a tool in private litigation. Toward this end, litigants cannot circumvent the purpose of the statute by laundering protected information through an intermediary's use or recitation of this information. 965 F.2d at 160. As the Northern District of Indiana noted when parsing *Harrison*, the scope of § 409 is "rather expansive." 982 F.Supp. a 623. So, for instance, protected "data" doesn't lose its protection just because it's presented in the form of a letter. *Id.* at 634, n.3. (To the same effect, and

---

[1] Well, most of them: *Pierce County Wash. v. Guillen*, 537 U.S. 129 (2003); *Harrison v. Burlington N. R. Co.*, 965 F.2d 155, 159 (7th Cir. 1992); *Rasmusen v. White*, 2011 WL 5179894 (N.D. Ill. 2011); *Rodenabeck v. Norfolk & W. Ry. Co.*, 982 F. Supp. 620, 624 n. 3 (N.D. Ind. 1997) *Powers v. CSX Transp. Inc.*, 177 F.Supp.2nd 1276 (S.D. Ala. 2001); *Zimmerman v. Norfolk southern Corp.*, 706 F.3d 170, 181 (3rd Cir. 2013); *Robertson v. Union Pacific R. Co.*, 954 F.2d 1433, 1435 (8th Cir. 1992); *Jesski v. Dakota, Minn. & E. RR. Corp.*, 19-cv-2070 (N.D. IA.) (May 11, 2021) *Madden v. Antonov* 2014 WL 5662267 (D. Neb. 2014).

unlike plaintiff, I interpret the court's use of a dictionary definition of "data" as a demonstration of the broad reach of § 409, not as a semantic stricture. *See id.*) Finally, as the Northern District of Illinois noted in *Rasmusen,* often the determination whether a document is protected by § 409 is not clear cut; that said, the court concluded that the disputed Stipulated Agreement was protected because it could be considered either a report of the parties for the purpose of developing a safety improvement project or it could be considered data in the form of information provided to the ICC. The court did not deem it necessary to distill its analysis further. *Rasmusen*, 2011 WL 5179994 at *3. The other cases cited by the parties offer a spectrum of views based on what actually was before each court; there is no need to gloss those holdings at this juncture. Suffice it to say that I agree with how the courts of this circuit have interpreted and applied § 409. The next step is for this court actually to review the remaining disputed documents to determine whether they are protected by § 409.

Toward that end, WCL must promptly submit the disputed documents for an in camera determination whether WCL's invocation of the privilege is well-taken. Notwithstanding plaintiffs' claim of waiver, the court will determine for itself whether any of these documents qualify as reports, surveys, schedules, lists or date for the purpose of Section 409. The court will issue its order within a week of its receipt of WCL's documents.

Against this procedural backdrop, defendants' generic argument as to burden is unpersuasive. The few documents still in play already have been gathered and reviewed, apparently by both sides. The court will perform a relevance check of each submitted document; Note that even if I conclude that § 409's privilege does not apply to a particular document, pursuant to this court's standard operating procedures, at the final pretrial conference Judge

Peterson will make the final determination whether that document is relevant and admissible at trial.

Next, I am striking the parties' expert disclosure deadlines. Plaintiffs' new deadline will be 30 days after I enter my next order on this dispute, with WCL's experts due 30 days after that. I agree with WCL that at this point, the rest of the schedule remains do-able, so no other dates will be changed.

Finally, the May 27, 2021 telephonic status conference is struck as unnecessary.

## ORDER

It is ORDERED that:

1) Not later than Friday, May 28, 2021, defendant WCL shall submit ex parte to the court for in camera review items 4, 5, 7, 10, 11, 12 and 15 on defendant WCL's amended privilege log;

2) The parties' deadlines to disclose their expert witnesses are struck and will be reset as explained above; and

3) The May 27, 2021 telephonic hearing is canceled as unnecessary.

Entered this 24th day of May, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge