IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH LYNN MUELLER, *et al.*,

    Plaintiffs,

v.

WISCONSIN CENTRAL LTD., d/b/a
CANADIAN NATIONAL RAILROAD, *et al.*,

    Defendants.

ORDER

20-cv-931-jdp

---

On May 28, 2021, defendant WCL submitted ex parte to the court for in camera review hard copies of items 4, 5, 7, 10, 11, 12 and 15 on defendant WCL's amended privilege log. Having reviewed these documents, I conclude that WCL may claim the privilege for all of these documents. Therefore, I am denying plaintiffs' motion to compel disclosure (dkt. 19).

As indicated in the court's May 24, 2021 order, I have determined that the cases decided by the Supreme Court and within this circuit adequately gloss the scope of the statutory privilege created by 23 U.S.C. § 409.[1] Courts in this circuit view the privilege as intentionally far-reaching. I agree that this is the correct interpretation of § 409, although the statute is so poorly worded that it is susceptible to conflicting interpretations,[2] and I am skeptical that the broad protection § 409 affords is necessary to accomplish what Congress claimed to have in mind when it enacted this statute.

---

[1] I missed *Shots v. CSX Transp., Inc.* 887 F. Supp. 204 (S.D. Ind.) the first time around, but I have read it since. There, the court takes an expansive view of § 409's privilege.

[2] *See, e.g.,* the planning-versus-implementation distinction employed by the court in *Powers v. CSX Transp., Inc.* 177 F.Supp.2d 1276 (S.D. Ala. 2001) and rejected by the court in *Jesski v. Dakota, MN & E RR Corp.,* 19-cv-2070 (N.D. Iowa 2021)

That said, using the broad reading of § 409 endorsed by most courts, I cannot say that any of the documents withheld by WCL are not privileged. That's the strongest statement I'm prepared to make, since all of the withheld documents appear–to the court at least–to be mundane and inconsequential. Even if I were to allow their discovery, I doubt that any of them would clear the relevancy threshold of F.R. Ev. 401. But perhaps that's the no-win situation confronting plaintiffs who challenge a defendant's assertion of § 409: if the information is sufficiently relevant to be useful in motions practice or at trial, then the information probably fits within the protection that Congress intended to afford defendants like WCL.

Items 4, 5, 7 and 15 are correspondence and other documents that address scheduling regarding the development–which encompasses "implementation"– of the crossing safety project. Item 10 is a hodgepodge of invoices expense receipts and work orders that contain information regarding the development of the crossing safety project. Once could question why hotel bills and hardware store receipts are included in this stack, but the flip side of that coin is that such information likely has no value to plaintiffs. Items 11 and 12 fit most neatly within the logical scope of the privilege.

The bottom line is that what remains of plaintiffs' motion to compel is denied. Pursuant to this court's May 24, 2021 order (dkt. 34), I am re-setting the parties' expert disclosure deadlines as set forth below.

ORDER

It is ORDERED that:

1) Plaintiffs' motion to compel discovery, dkt. 19, is DENIED.

2) Plaintiffs' deadline to disclose experts is July 2, 2021. Defendant's deadline to disclose experts is August 2, 2021.

3) Each side will bear its own costs on this motion.

Entered this 2nd day of June, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge